UNITED STATES of America,
Plaintiff–Appellee,

v.

Edwin Dale McCLAIN, Defendant–
Appellant.

No. 01–35404.

D.C. No. CV–00–03075–AAM.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002.*

Decided March 20, 2002.

Before FARRIS, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Edwin Dale McClain appeals pro se the district court's denial of his 28 U.S.C.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

§ 2255 motion. McClain challenges his jury trial conviction and 360–month sentence for conspiracy to manufacture methamphetamine, conspiracy to distribute methamphetamine, conspiracy to import methamphetamine, possession with intent to distribute methamphetamine, and possession of ephedrine with intent to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(d)(1), 846, 952(a), and 963. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

McClain was granted a certificate of appealability ("COA") on the sole issue of whether under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) it was proper for the sentencing court to determine drug quantity by a preponderance of the evidence and increase the maximum sentence for the offenses of which McClain was convicted.[1] This issue is now foreclosed by our recent decision in *United States v. Sanchez–Cervantes*, 282 F.3d 664, 666–671 (9th Cir. 2002) (concluding that *Apprendi* does not apply retroactively on initial collateral review).

**AFFIRMED.**

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. We do not address the other issues raised in McClain's brief because they fall outside the scope of the COA. *See Hiivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam).